UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ALEXANDER S. McKENZIE<br>    FED. REG. NO. 14417-058<br>VS. | CIVIL ACTION NO. 09-1807<br><br>SECTION P<br><br>JUDGE MINALDI |
| WARDEN J.P. YOUNG | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

*Pro se* petitioner, Alexander S. McKenzie, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on October 14, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana, and is serving consecutive sentences of 220 months and 60 months imposed by the United States District Court for the Western District of North Carolina following his 1998 armed bank robbery convictions.

Petitioner is also serving a consecutive sentence of 18 months imposed by the United States District Court for the Western District of Louisiana following his 2008 conviction for possessing prison contraband.

Petitioner claims that his detention, with respect to the North Carolina conviction, is unlawful because of sentencing errors. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

On January 6, 1998, petitioner pled guilty to armed bank robbery (18 U.S.C. §2113(D) and 18 U.S.C. §924(c)(1)) in the United States District Court for the Western District of North Carolina.  On May 19, 1998 he was sentenced to serve consecutive terms of 220 and 60 months imprisonment. *See United States v. McKenzie*, No. 1:97-cr-00203 (N.C. W.D.).

On February 8, 1999, petitioner's conviction and sentence were affirmed on appeal to the United States Fourth Circuit Court of Appeals. *United States v. McKenzie*, 172 F.3d 865 (4th Cir. 1999).   He filed a Motion to Vacate filed pursuant to 28 U.S.C. §2255  in the court of conviction on January 26, 2000 which was dismissed on February 24, 2000.  *McKenzie v. United States*, No. 1:00-cv-00012 (N.C.W.D.)   His Motion to Modify Sentence, Motion for Reconsideration, Motion for Relief from Judgment, and Motion to Modify Term of Imprisonment were all denied. *United States v. McKenzie*, No. 1:97-cr-00203 (N.C. W.D.) at Docs. 37-42 and 46-47; *see also* 2009 WL 4893112.  His appeal of the denial of these motions apparently remains pending in the Fourth Circuit Court of Appeals.

On October 14, 2009, petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 alleging the following grounds for relief:  "(1) Actual Innocence of 4B1.1 'Career Offender' due to the District Court['s] erroneous implementation of this enhancement; and (2) Double Counting (i.e.) charge with the same gun under two different statutes,"  resulting in a violation of the prohibition against double jeopardy.  Petitioner concludes that, due to these sentencing errors, he is being illegally detained.  [Doc. 1, ¶7]

*Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694

(5th Cir.2000).   A motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).  Petitioner seeks to collaterally attack his detention arguing sentencing error. Thus, petitioner's claim is more appropriately raised in a §2255 motion to vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause."  *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255.  A prisoner seeking such relief under the "savings clause" must establish that:  (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and  (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).  The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective.  *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his

trial, appeal, or first motion to vacate. In short, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the "savings clause". Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. See *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Lake Charles, Louisiana, this 17th day of February, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE